UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION         MDL No. 2323

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant National Football League (NFL) moves to centralize this litigation in the Eastern District of Pennsylvania. This litigation currently consists of four actions, one in the Eastern District of Pennsylvania and three in the Central District of California, as listed on Schedule A. The Panel has been notified of sixteen additional potentially-related actions.[1]

Defendant NFL Properties LLC and plaintiffs in the four constituent actions support the motion, as do plaintiffs in nine potentially-related actions. Plaintiffs in four potentially-related actions pending in the Northern District of Georgia alternatively suggest centralization in that district, and plaintiffs in a potentially-related action pending in the Southern District of Florida alternatively suggest centralization in that district. Plaintiffs in one District of New Jersey potentially-related action suggest centralization in that district. The Riddell defendants[2] oppose the motion or, alternatively, suggest separation and remand of the claims against them or a delay of transfer of their claims until the Central District of California rules upon certain pending motions.

On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations against the NFL stemming from injuries sustained while playing professional football, including damages resulting from the permanent long-term effects of concussions while playing professional football in the NFL. Centralization under Section 1407 will eliminate duplicative discovery; prevent

---

[*] Judge W. Royal Furgeson, Jr. and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[2] Defendants Riddell, Inc.; Riddell Sports Group, Inc.; All American Sports Corp.; Easton-Bell Sports, Inc.; EB Sports Corp.; Easton-Bell Sports, LLC; and RBG Holdings Corp.

-2-

inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, the Riddell defendants argue, *inter alia*, that (1) motions to dismiss and to sever the claims against them are pending in the Central District of California, and (2) transfer of claims against them to the Eastern District of Pennsylvania would be inconvenient. Since the filing of the present Section 1407 motion, two additional actions have been filed that include the Riddell defendants, one action pending in pending in the Central District of California and one action pending in the Eastern District of Pennsylvania. Therefore, while the Riddell defendants argue that litigating in the Eastern District of Pennsylvania would inconvenience them, they are already involved in litigation in that district and any similar motions to dismiss or sever would invite the risk of inconsistent rulings. It is unclear at this juncture how closely related the claims against the Riddell defendants are to the claims against the NFL. It may be that the claims against the Riddell defendants are easily separable, but we are persuaded that the transferee judge is in the best position to determine whether those claims are sufficiently related to the NFL claims to remain in centralized proceedings. If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rules 10.1-10.3, R.P.J.P.M.L.

We conclude that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. Six actions are now pending in that district before Judge Anita B. Brody, who has the experience to guide this litigation on a prudent course. Furthermore, the majority of the parties support centralization in that district.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Anita B. Brody for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil      Barbara S. Jones
Paul J. Barbadoro      Charles R. Breyer

IN RE:  NATIONAL FOOTBALL LEAGUE
PLAYERS' CONCUSSION INJURY LITIGATION        MDL No. 2323

## SCHEDULE A

<u>Central District of California</u>

Vernon Maxwell, et al. v. National Football League, C.A. No. 2:11-08394
Dave Pear, et al. v. National Football League, et al., C.A. No. 2:11-08395
Larry Barnes, et al. v. National Football League, et al., C.A. No. 2:11-08396

<u>Eastern District of Pennsylvania</u>

Charles Ray Easterling, et al. v. National Football League, Inc., C.A. No. 2:11-05209